1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF GRECH & PACKER**
Trenton C. Packer (SBN241057)
7095 Indiana Ave., Ste 200
Riverside, CA 92506
(951) 682-9311
Email: tpacker@grechpackerlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAIDEN GOEDHART<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BEAUMONT; and DOES 1-10, inclusive,<br><br>Defendants. | CASE No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 (Unreasonable Detention and Arrest)<br>2. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force)<br>3. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)<br>4. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)<br>5. 42 U.S.C. § 1983 (Municipal Liability – Ratification)<br>6. Battery<br>7. Negligence<br>8. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

1

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff BRAIDEN GOEDHART for his Complaint against CITY OF BEAUMONT and DOES 1-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California law in connection with the use of excessive and unreasonable force against PLAINTIFF on January 14, 2023.

2.      Defendants DOES 1-6, inclusive, ("DOE OFFICERS") caused PLAINTIFF'S injuries when they rammed their vehicle into, and repeatedly fired lethal weapons at, the vehicle in which Plaintiff was a passenger.

3.      DOE OFFICERS caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

4.      Defendants CITY OF BEAUMONT and DOES 7-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.      This action is in the public interest as PLAINTIFF seeks by means of this civil rights action to hold accountable those responsible for the serious emotional distress and bodily injury inflicted by DEFENDANTS and CITY OF BEAUMONT'S ratification, failure to train, and policy of inaction in the face of serious constitutional violations, as well as the unlawful custom and practice with respect to the use of force.

6.      PLAINTIFF suffered serious emotional distress and bodily injury as a direct and proximate result of the actions and inactions of DEFENDANTS

CITY OF BEAUMONT and DOES 1-10, inclusive.  DEFENDANTS CITY OF BEAUMONT and DOES 1-10, inclusive, are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.  DEFENDANT CITY OF BEAUMONT is also vicariously liable for the acts and omissions of DEFENDANTS DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

## **THE PARTIES**

7.     At all relevant times, PLAINTIFF was an individual residing in Riverside County, California.

8.     Defendant CITY OF BEAUMONT ("CITY") is a political subdivision of the State of California that is within this judicial district.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Beaumont Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Beaumont Police Department and its employees and agents complied with the laws of the United States and the State of California.   At all relevant times, CITY was the employer of Defendant DOE OFFICERS.

9.     Defendants DOE OFFICERS were officers working for the Beaumont Police Department.  At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers working for the Beaumont Police Department.  At all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, CITY OF BEAUMONT.

10.     Defendants DOES 7-10, inclusive, are managerial, supervisorial, or policymaking employees of the Beaumont Police Department who were acting under color of law within the course and scope of their duties as supervisorial officers for the Beaumont Police Department ("DOE Supervisors").  DOE Supervisors were acting with the complete authority of their principal, CITY.

11.     PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. PLAINTIFF is informed, believes, and on that basis alleges, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused PLAINTIFF'S damages.

12.     On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the County of Riverside.

13.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

14.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and CITY.

15.     All Defendants who are natural persons are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants,

4
COMPLAINT FOR DAMAGES

captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives of the Beaumont Police Department.

16. DEFENDANT CITY is liable for the nonfeasance and malfeasance of DOE OFFICERS for the state law claims herein pursuant to Cal. Govt. Code §§ 815.2(a), 815.6. Further, DOE OFFICERS are liable for their nonfeasance and malfeasance pursuant to Cal. Govt. Code § 820(a).

17. PLAINTIFF suffered serious emotional distress and bodily injury as a direct and proximate result of the actions of Defendants DOE OFFICERS. Defendants DOE OFFICERS are directly liable for PLAINTIFF'S injuries under federal law pursuant to 42 U.S.C. § 1983.

18. On July 6, 2023, PLAINTIFF timely mailed a claim for damages to the CITY pursuant to applicable sections of the California Government Code.

19. On August 15, 2023, PLAINTIFF'S claim was deemed rejected pursuant to applicable sections of the California Government Code.

## JURISDICTION AND VENUE

20. The Court has jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because PLAINTIFF asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. The Court has jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

21. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

COMPLAINT FOR DAMAGES

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22. PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. On January 14, 2023, Plaintiff accompanied two of his friends, Garrett Blackwell ("Blackwell") and James Pietronico ("Pietronico"), on an off-roading excursion, an activity they had partook in multiple times before. This particular excursion occurred near Beaumont, California, while PLAINTIFF was in the back seat of the vehicle, Blackwell was driving, and Pietronico was in the other front seat.

24. While PLAINTIFF, Blackwell, and Pietronico were driving back home, a Beaumont Police Department vehicle began to pursue them.

25. On information and belief, the three had not committed any crime and had been driving on public land.

26. As the BPD vehicle was pursuing the three, the vehicle Blackwell was operating drove into a cul-de-sac.

27. On information and belief, while in the cul-de-sac, a Beaumont Police Department vehicle crashed into the vehicle in which PLAINTIFF was a passenger.

28. On information and belief, while PLAINTIFF and his friends were not a threat to the officers or any other person, were unarmed, and were not committing any crime, DOE OFFICERS aimed their weapons at the three.

29. The vehicle in which PLAINTIFF was a passenger did not possess a tinted front windshield, driver's side window, nor passenger side window. As such, DOE OFFICERS were provided with an unobstructed view into the vehicle.

30. On information and belief, DOE OFFICERS employed deadly force by discharging their firearms at the vehicle in which PLAINTIFF was a

6

passenger.  PLAINTIFF ducked down in the back seat and when the gunshots ceased, he looked up and saw Blackwell slumped over the steering wheel. PLAINTIFF saw Pietronico bleeding profusely.

31.   Though he had done nothing wrong, PLAINTIFF was ordered from the vehicle at gunpoint and watched as Blackwell was taken naked from the vehicle and placed on the ground.

32.   On information and belief, DOE OFFICERS had not given any clear commands to the three, time to comply with any commands had they given any, nor any warnings that they would employ deadly force prior to them doing so.

33.   PLAINTIFF was unarmed. PLAINTIFF made no efforts to escape from the officers and was not being assaultive to the officers.  PLAINTIFF never verbally threatened any officer during the encounter, and PLAINTIFF did not present a danger to the officers or anyone else throughout the encounter.

34.   Even though PLAINTIFF was not resisting, PLAINTIFF had the right to resist excessive force.

35.   PLAINTIFF was subjected to unreasonable and excessive force, inflicted in conscious disregard of PLAINTIFF'S rights, when he was rammed with a vehicle and shot at repeatedly and indiscriminately.

36.   As a result of the excessive and unreasonable force, including BPD officers ramming the vehicle and firing repeatedly and indiscriminately into the vehicle, PLAINTIFF suffered an injury to his leg and severe mental and emotional distress.

37.   The use of force was excessive and objectively unreasonable under the circumstances, especially because PLAINTIFF did not pose an immediate threat to anyone.

COMPLAINT FOR DAMAGES

38.   The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard for PLAINTIFF'S rights.

39.   PLAINTIFF seeks damages for his past and future pain and suffering including impairment and emotional distress related to his injuries, mental anguish, loss of quality of life, and any medical expenses under these claims.  PLAINTIFF also seeks reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

### Unreasonable Detention and Arrest (42 U.S.C. § 1983)

(By PLAINTIFF against Defendants DOE OFFICERS)

40.  PLAINTIFF repeats and re-alleges each and every allegation of paragraph 1 through 39, inclusive, as if fully set forth herein.

41. The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy.  42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

42.  Defendants DOE OFFICERS acted under color of law.

43.  On January 14, 2023, without cause, Defendants DOE OFFICERS unlawfully stopped the vehicle in which PLAINTIFF was a passenger and detained PLAINTIFF without any reasonable suspicion that PLAINTIFF or the other passengers had committed or were going to commit a crime.

44. Defendants DOE OFFICERS detained PLAINTIFF without reasonable suspicion nor probable cause.  After the vehicle in which PLAINTIFF was a passenger was forcibly stopped without cause, PLAINTIFF was ordered outside the vehicle at gunpoint and detained.

45. The conduct of Defendants DOE OFFICERS violated PLAINTIFF'S right to be free from unreasonable search and seizure, which is

guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard of, PLAINTIFF'S rights.

47. As a result of Defendants DOE OFFICERS' conduct, Defendants DOE OFFICERS are liable to PLAINTIFF for PLAINTIFF'S injuries by either integrally participating or failing to intervene in the incident and by also engaging in other acts and/or omissions around the time of the incident.

48. On information and belief, the conduct of Defendants DOE OFFICERS was willful, wanton, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

49. Because of the unreasonable detention and arrest of PLAINTIFF, PLAINTIFF'S constitutional rights are violated. As a result, Defendants DOE OFFICERS are liable for violating those rights and are liable for PLAINTIFF'S severe pain and suffering for which he is entitled to recover damages.

50. PLAINTIFF brings this claim and seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

51. PLAINTIFF also seeks attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF against Defendants DOE OFFICERS)

52. PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.   The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

54.   When Defendants DOE OFFICERS employed deadly force by both ramming their vehicle into, and discharging their firearms at, the vehicle in which PLAINTIFF was a passenger, neither PLAINTIFF nor the vehicle in which he was passenger posed an immediate and serious threat to the safety of the officers.

55.   On information and belief, neither PLAINTIFF nor his fellow vehicle passengers had physically threatened any person or had verbally threatened any person, including DEFENDANTS.

56.   On information and belief, neither PLAINTIFF nor his fellow vehicle passengers were armed, were attempting to evade detention or arrest, were resisting detention or arrest, were assaultive, or had attempted to harm any officers or any others.

57.   Thus, as neither PLAINITFF nor his fellow vehicle passengers posed an immediate threat to the safety of the officers, for the above-mentioned reasons, the officers' ramming of their vehicle into, and the repeated firing of lethal weapons at, the vehicle in which PLAINTIFF was a passenger was unwarranted, excessive, and unnecessary as there were reasonable, less intrusive options available to Defendants DOE OFFICERS.

58.   Defendants DOE OFFICERS caused various injuries herein by integrally participating or failing to intervene in the use of excessive force. Defendants DOE OFFICERS's acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to State Actors by the Fourteenth Amendment.

COMPLAINT FOR DAMAGES

59.   As a direct result of the aforesaid acts and omissions of Defendants DOE OFFICERS, PLAINTIFF suffered great mental and physical injury, fear and emotional distress related to DEFENDANTS' use of excessive force, and loss of his earning capacity in an amount according to proof.

60.   The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard of, PLAINTIFF'S rights.

61.   The conduct of Defendants DOE OFFICERS alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and warrants the imposition of exemplary and punitive damages in an amount according to proof.

62.   Defendants DOE OFFICERS were acting under color of state law and within the course and scope of their employment as officers for the CITY OF BEAUMONT.

63.   PLAINTIFF seeks damages for his past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity under this claim.

64.   PLAINTIFF also seeks attorneys' fees and costs under this claim.

**THIRD CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF against CITY OF BEAUMONT; and DOES 7-10, inclusive)

65.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 64, inclusive, as if fully set forth herein.

66.   Defendants DOE OFFICERS acted under color of state law.

67.     Defendants DOE OFFICERS acted pursuant to an expressly adopted fiscal policy or longstanding practice or custom of DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive.

68.     The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard of, PLAINTIFF'S rights.

69.     On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of PLAINTIFF'S rights.

70.     DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b)     Providing inadequate training regarding the use of force;

(c)     Providing inadequate training regarding de-escalation;

(d)     Employing and retaining as police officers, individuals such as Defendants DOE OFFICERS, who DEFENDANT CITY OF BEAUMONT and DOES 7-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(e)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS who CITY OF BEAUMONT knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

(f)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by deputies of the CITY OF BEAUMONT;

(g)     Failing to adequately discipline CITY OF BEAUMONT officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(h)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

71.    By reason of the aforementioned acts and omissions, PLAINTIFF has endured substantial pain and suffering.

72.    DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein.  Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated, and through actions and inactions thereby ratified such policies.  Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF and other individuals similarly situated.

73.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, acted with intentional, reckless, and callous disregard for the PLAINTIFF'S Constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, were affirmatively linked to and were a significantly influential force behind PLAINTIFF'S injuries.

74.   The acts of each of DEFENDANTS DOES 7-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 7-10, inclusive.

75.   By reason of the aforementioned acts and omissions of DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, PLAINTIFF suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

76.   Accordingly, DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

77.   PLAINTIFF also seeks attorneys' fees and costs under this claim.

## **FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Failure to Train (42 U.S.C. §1983)**

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

78.    PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 77, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

79.    Defendants DOE OFFICERS acted under color of law.

80.    The acts of Defendants DOE OFFICERS deprived PLAINTIFF of his particular rights under the United States Constitution.

81.    The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard of, PLAINTIFF'S rights.

82.    On information and belief, CITY OF BEAUMONT failed to properly and adequately train Defendants DOE OFFICERS, including but not limited to, with regard to the use of physical force.

83.    The training policies of DEFENDANT CITY OF BEAUMONT were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques and the use of less than lethal and lethal force.

84.    Moreover, the training policies of DEFENDANT CITY OF BEAUMONT were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including ensuring traffic stops are legal, and use of force is reasonable and not excessive.

85.    DEFENDANT CITY OF BEAUMONT and DOES 7-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

86.    The failure of DEFENDANT CITY OF BEAUMONT and DOES 7-10, inclusive, to provide adequate training caused the deprivation of PLAINTIFF'S rights by Defendants DOE OFFICERS; that is, DEFENDANTS' failure to train is so closely related to the deprivation of PLAINTIFF'S rights as to be the moving force that caused the ultimate injury.

87.   By reason of the aforementioned acts and omissions, PLAINTIFF has suffered past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

88.   Accordingly, DEFENDANT CITY OF BEAUMONT and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

89.   PLAINTIFF also seeks attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By PLAINTIFF against CITY; and DOES 7-10, inclusive)

90.   PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 89, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

91.   Defendants DOE OFFICERS acted under color of law.

92.   The conduct of Defendants DOE OFFICERS was in deliberate indifference to, and in conscious disregard of, PLAINTIFF'S rights.

93.   The acts of Defendants DOE OFFICERS deprived PLAINTIFF of his particular rights under the United States Constitution.

94.   Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

95.   Upon information and belief, a final policymaker, acting under color of law, had final policymaking authority concerning the acts of Defendants DOE OFFICERS's and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS's acts.

96.   On information and belief, CITY OF BEAUMONT final policymakers, including DOES 7-10, inclusive, knew that PLAINTIFF never presented a risk of harm to an officer or anyone else and that PLAINTIFF was always unarmed during the incident and complied with officers' commands.

97.   On information and belief, the official policies with respect to the incident are that officers are not to use force against an individual unless the individual poses an immediate risk of bodily injury to the officers or others. The officers' actions deviated from these official policies because PLAINTIFF did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

98.   On information and belief, the CITY OF BEAUMONT approved of the officers' actions after a hearing presented by the officers' legal counsel to DOES 7-10, inclusive, after which DOES 7-10, inclusive, found the officers' actions to be within the official policies of the Beaumont Police Department.  On information and belief, the basis for such approval was based on the officers' self-serving statements that they feared PLAINTIFF presented a threat of harm to themselves or others, despite the plethora of evidence to the contrary, including evidence that PLAINTIFF was unarmed, submitted to the officers' commands when he heard them, and never presented a risk of harm to the officers or anyone else.

99.   Upon information and belief, a final policymaker has determined that the acts of Defendants DOE OFFICERS were "within policy."

100.  By reason of the aforementioned acts and omissions, PLAINTIFF has and will suffer past and future pain and suffering, loss of enjoyment of life, medical expenses, and loss of earning capacity.

COMPLAINT FOR DAMAGES

101.   Accordingly, DEFENDANTS CITY OF BEAUMONT and DOES 7-10, inclusive, are liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

102.   PLAINTIFF also seeks attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

103.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 102, inclusive, as if fully set forth herein.

104.   Defendants DOE OFFICERS while working as officers, sergeants, and in other capacities, for the Beaumont Police Department, and acting within the course and scope of their duties, rammed their vehicle into, and repeatedly shot at, the vehicle in which PLAINTIFF was occupying.  As a result of the actions of Defendants DOE OFFICERS, PLAINTIFF was seriously injured. Defendants DOE OFFICERS had no legal justification for using force against PLAINTIFF, and Defendants DOE OFFICERS's use of force while carrying out their duties as officers was unreasonable under the circumstances.

105.   At all relevant times, PLAINTIFF was not an immediate threat of bodily injury to anyone, including DEFENDANTS.

106.   DEFENDANT CITY and DOES 7-10, inclusive, are directly liable and responsible for the acts of Defendants DOE OFFICERS because DEFENDANT CITY and DOES 7-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendants DOE OFFICERS in the exercise of their unlawful use of excessive and unreasonable force.

107.   DEFENDANT CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2 of the California

COMPLAINT FOR DAMAGES

Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employees' acts would subject them to liability.

108.   The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

109.   PLAINTIFF is claiming past and future medical expenses pursuant to this claim and damages for loss of earning capacity.  PLAINTIFF also seeks attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF against all DEFENDANTS)

110.   PLAINTIFF repeats and re-alleges each and every allegation of paragraphs 1 through 109, inclusive, as if fully set forth herein.

111.   Police officers, including DEFENDANTS, have a duty to use reasonable care to prevent harm and injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort.  These duties also include providing proper training and equipment to officers so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

112. The DEFENDANTS breached their duty of care. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to use force against PLAINTIFF;

(b)    the negligent tactics and handling of the situation with PLAINTIFF, including actions before the physical attack;

(c)    the negligent scope and manner of the detention, arrest, and use of force, against PLAINTIFF;

(d)    the failure to properly train and supervise employees, both professional and non-professional, including Defendants DOE OFFICERS, inclusive;

(e)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of PLAINTIFF;

(f)    the negligent handling of evidence, witnesses, and the negligent investigation of the use of excessive force against PLAINTIFF; and

(g)    the failure to punish, re-train, terminate, and/or prosecute violators of Department policies and the law.

113.  As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, medical expenses, and lost earning capacity.

114.  At all relevant times, PLAINTIFF was not an immediate threat to anyone, including DEFENDANTS.

115. The CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

116. PLAINTIFF seeks attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

## EIGHTH CLAIM FOR RELIEF

**(Violation of Cal. Civ. Code § 52.1 and California Common Law)**

(By PLAINTIFF against all DEFENDANTS)

117. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 116, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

118. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement.  California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.  *See Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995).  "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1."  *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

119. DEFENDANTS violated PLAINTIFF'S Fourth Amendment rights to be free from unreasonable seizures when they used excessive and unreasonable force against him. DEFENDANTS specifically intended to violate PLAINTIFF'S constitutional rights as stated above, as demonstrated by DEFENDANT'S reckless disregard for PLAINTIFF'S constitutional rights. Thus, PLAINTIFF can recover for violation of the Bane Act. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1040-45 (2018).

120. On January 14, 2023, while not presenting an immediate or serious threat to the safety of the officers or any other person, Defendants DOE OFFICERS rammed their vehicle into, and repeatedly fired lethal weapons at, the vehicle in which PLAINTIFF was an occupant.

121. DEFENDANTS violated PLAINTIFF'S Constitutional right to be free from excessive and unreasonable force by police officers. DEFENDANTS intended to violate PLAINTIFF'S rights and/or acted with reckless disregard with regard to PLAINTIFF'S Constitutional rights, which is evidence that they intended to violate PLAINTIFF'S rights.

122. PLAINTIFF was caused to suffer pain and suffering. The conduct of DEFENDANTS was a substantial factor in causing the harm, losses, injuries, and damages of PLAINTIFF.

123. CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

124. The conduct of the individual DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the

rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.  PLAINTIFF also seeks costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, BRAIDEN GOEDHART, requests entry of judgment in his favor against CITY OF BEAUMONT, Defendants DOE OFFICERS, and DOES 7-10, inclusive, as follows:

1.  For compensatory damages, according to proof at trial, under federal and State law;

2.  For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

3.  For statutory damages;

4.  For reasonable attorneys' fees including litigation expenses;

5.  For costs of suit and interest incurred herein; and

6.  For such other and further relief as the Court may deem just and proper.

Dated: January 26, 2024        LAW OFFICES OF GRECH & PACKER


_/s/     Trenton C. Packer_
Trenton C. Packer, Esq.
_Attorneys for Plaintiff_

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFF hereby submits this demand that this action be tried in front of

3

a jury.

4

5

Dated: January 26, 2024          LAW OFFICES OF GRECH & PACKER

6

*/s/    Trenton C. Packer*

7

Trenton C. Packer, Esq.

8

*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28