UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRAIDEN GOEDHART,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**CITY OF BEAUMONT et al.,**<br><br>　　　　**Defendants.**<br>_____ | NO. EDCV 24-00173-KS<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>Date:　Tue., May 21, 2024<br>Time:　10:00 a.m.<br>Courtroom 580<br>Roybal Federal Courthouse Courtroom 580 |

　　　The parties have consented to have this case assigned to Judge Karen L. Stevenson. All counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

　　　**If any of the following items have already been completed, the parties need not re-do them.**

　　　This matter is set for a scheduling conference on the above date. If Plaintiff has not already served the operative complaint on all defendants, Plaintiff shall promptly do so and shall file proofs of service within three (3) days thereafter. Defendants also shall timely

1

serve and file their responsive pleadings, and file proofs of service within three (3) days thereafter.  For record-keeping purposes, the Court will dismiss all remaining fictitiously-named defendants (i.e., those who have not been named) at the Scheduling Conference.  The Court will also set a date by which motions to amend the pleadings or add parties must be heard.  **Finally, the parties should be prepared to discuss any proposed changes to the Scheduling Order previously adopted by Hon. Stanley Blumenfeld, Jr.**  The Scheduling Conference will be held in person pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

The parties are reminded of their obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure to disclose information without awaiting a discovery request, and under Rule 26(f) to confer on a discovery plan not later than twenty-one (21) days before the Scheduling Conference.  Counsel must file a "Joint Rule 26(f) Report" with the Court not later than fourteen (14) days before the Scheduling Conference.  Counsel should deliver courtesy copies of the Joint Rule 26(f) Report to Judge Stevenson's chambers.  Failure to comply with the following requirements or to cooperate in the preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

Unless, upon motion by a party, the Court finds that any or all discovery is premature, counsel should begin to conduct discovery before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery.

This Court does not exempt parties appearing *in propria persona* from compliance with any of the Local Rules, including Local Rule 16.  "Counsel," as used in this order, includes parties appearing *in propria persona*.

A continuance of the Scheduling Conference will be granted only for good cause.

1.  **Joint Rule 26(f) Report**

The Joint Rule 26(f) Report, which shall be filed not later than fourteen (14) days before the Scheduling Conference, shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are.  The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page.  It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and Local Rule 26:

   a. <u>Statement of the case</u>:  a short synopsis (not to exceed two (2) pages) of the main claims, counterclaims, and affirmative defenses.
   b. <u>Subject matter jurisdiction</u>:  a statement of the <u>specific</u> basis of federal jurisdiction, including supplemental jurisdiction.
   c. <u>Legal issues</u>:  a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.
   d. <u>Parties, evidence, etc.</u>:  a list of parties, percipient witnesses, and key documents on the main issues in the case.  For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.
   e. <u>Damages</u>:  the realistic range of provable damages.
   f. <u>Insurance</u>:  whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.
   g. <u>Motions</u>:  a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.
   h. <u>Manual for Complex Litigation</u>:  whether all or part of the procedures of the Manual for Complex Litigation should be utilized.
   i. <u>Status of Discovery</u>:  a discussion of the present state of discovery, including a summary of contemplated discovery.

j. <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, **any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced,** whether applicable discovery limitations should be changed or other limitations imposed, and whether the Court should enter other orders.

k. <u>Discovery cut-off</u>: a proposed discovery cut-off date. This means the final day for <u>completion of discovery</u>, including resolution of all discovery motions.

l. <u>Expert discovery</u>: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

m. <u>Dispositive motions</u>: a description of the issues or claims that any party believes may be determined by motion for summary judgment or other dispositive motion.

n. <u>Settlement</u>: a statement of what settlement discussions or written communications have occurred **(excluding any statement of the terms discussed)** and a statement pursuant to Local Rule 16-15.4 selecting a settlement mechanism under that Rule. <u>Note</u>: If a case is selected for the ADR Pilot Program, the parties may choose private mediation (at their own expense) instead. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference. To this extent, if the parties request that another magistrate judge be requested to preside over the settlement conference, the parties should advise the Court.

o. <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name)

how many witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds eight (8) court days, counsel shall be prepared to discuss in detail the estimate.

p. Trial counsel: the name(s) of the attorney(s) who will try the case.

q. Independent expert: whether this is a case where the Court should consider appointing an independent scientific expert.

r. Timetable: counsel should complete the Schedule of Pretrial and Trial Dates form attached to this Order and attach it to the Joint Rule 26(f) Report. The entries in the "Weeks Before Trial" column reflect what the Court believes are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the Pretrial Conference. The form is designed to enable counsel to ask the Court to set different last dates by which the key requirements must be completed. Each side should write in the month, day, and year it requests for each event. E.g., for the expert discovery cut-off it might be "10/7/11" for Plaintiff and "10/28/11" for Defendant, if they cannot agree. At the Scheduling Conference, the Court will review this form with counsel. Each entry proposing Court dates shall fall on a Tuesday. In appropriate cases the Court will order different dates after it hears from counsel. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously-served written discovery must be provided, and motions concerning discovery disputes must have been heard, not filed. The cut-off date for motions is the last date on which motions may be heard, not filed.

s. Other issues: a statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Joint Rule 26(f) Report should set forth the above described information under section headings corresponding to those in this Order.

## 2. Scheduling Conference

The Scheduling Conference will be held in Courtroom 580 on the 5th Floor of the Roybal Federal Courthouse, 255 E. Temple Street, Los Angeles, California 90012. Counsel shall comply with the following:

   a. <u>Participation</u>: the lead trial attorney must attend the Scheduling Conference, unless excused by the Court for good cause shown in advance of the Scheduling Conference. When seeking permission not to attend, lead counsel must identify the person who will appear by name and bar number, and specify that person's involvement in the case. The Court may choose to postpone the Scheduling Conference rather than permit counsel other than lead counsel to attend. Local counsel may not appear at a scheduling conference in place of lead counsel. Counsel should not purport to be "co-lead" counsel as a means of avoiding this requirement.

   b. <u>Continuance</u>: a continuance of the Scheduling Conference will be granted only for good cause.

## 3. Notice to be Provided by Counsel

Plaintiff's counsel or, if Plaintiff is appearing *pro se*, Defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

## 4. Disclosures to Clients

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's Trial Order, which will contain the schedule that the Court sets at the Scheduling Conference.

**5. Court's Website**

Copies of other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies of the Local Rules are available on the website. If counsel fail to file the required Joint Rule 26(f) Report, or the required pretrial documents, or if counsel fail to appear at the Scheduling Conference, the Pretrial Conference, or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court: (a) the case shall stand dismissed for failure to prosecute, if such failure occurs on the part of Plaintiff; (b) defaulted judgment shall be entered if such failure occurs on the part of Defendant; or (c) the Court may take such actions as it deems appropriate.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

**IT IS SO ORDERED.**

DATED: March 18, 2024

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

SCHEDULE OF PRETRIAL AND TRIAL DATES

Case Name: *Goedhart v. City of Beaumont, et al.  24-00173*

| Matter | Date/Time | Weeks before Trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Trial date (Court/Jury) Length of trial - _____ days | 9:00 a.m. (*Tuesday*) | | | | |
| Pretrial Conference, L.R. 16 | 1:00 p.m. (*Tuesday*) | 4 | | | |
| Hearing on Motions in Limine | 1:00 p.m. (*Tuesday*) | 2 | | | |
| <u>Court Trial</u> Lodge Findings of Fact and Conclusions of Law, L.R. 52, and Summaries of Direct Testimony | | 3 | | | |
| <u>Jury Trial</u> Lodge Final Pretrial Conference Order, L.R. 16-7; File Proposed and Disputed Jury Instructions and Verdict Forms | | (*See* L.R. 16-7.1) | | | |
| <u>Jury Trial</u> File Memo of Contentions of Fact and Law, L.R. 16-4; Exhibit and Witness Lists, L.R. 16-5, 16-6 File Status Report Regarding Settlement | | 7 | | | |
| Trial Brief, L.R. 16-10 | | 1 | | | |

| | | | | | |
|---|---|---|---|---|---|
| Last date to conduct Settlement Conference, L.R. 16-15 | | 10 | | | |
| Last date for hearing dispositive motions, L.R. | 10:00 a.m. (*Wednesday*) | 12 | | | |
| Non-Expert Discovery cut-off | | | | | |
| Expert Disclosure (Initial) | | | | | |
| Expert Disclosure (Rebuttal) | | | | | |
| Expert Discovery cut-off | | | | | |
| Last day to amend pleadings | | | | | |