Eugene P. Ramirez (State Bar No. 134865)
  *epr@manningllp.com*
Kayleigh Andersen (State Bar No. 306442)
  *kaa@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor,
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, CITY OF BEAUMONT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAIDEN GOEDHART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BEAUMONT; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | Case No. 5:24-cv-00173- KS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:　May 21, 2024<br>Time:　10:00 a.m.<br>Crtrm: 580<br><br>*Action Filed:*　　01/26/24 |


**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's December 18, 2023, Order setting the Scheduling Conference (Dkt. 11), the early meeting of counsel has been conducted between counsel for Plaintiff BRAIDEN GOEDHART ("Plaintiff") and counsel for Defendant CITY OF BEAUMONT. The early meeting of counsel took place via teleconference on March 1, 2024, and was attended by Trenton Packer of the Law Offices of Grech & Packer, counsel for Plaintiff, and Kayleigh Andersen of Manning & Kass, counsel for Defendant.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

**(1)     Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(2)     Statement of the Case**

Plaintiff's Summary:

On January 14, 2023, Plaintiff accompanied two of his friends, Garrett Blackwell ("Blackwell") and James Pietronico ("Pietronico"), on an off-roading excursion, an activity they had partook in multiple times before. This particular excursion occurred near Beaumont, California, while Plaintiff was in the back seat of the vehicle, Blackwell was driving, and Pietronico was in the other front seat.  While Plaintiff, Blackwell, and Pietronico were driving back home, a Beaumont Police Department vehicle began to pursue them. As the BPD vehicle

was pursuing the three, the vehicle Blackwell was operating drove into a cul-de-sac. At that point, a Beaumont Police Department vehicle drove into them, causing Plaintiff to suffer an injury to his knee that causes him pain to this day.

The vehicle in which Plaintiff was a passenger did not possess a tinted front windshield, driver's side window, nor passenger side window. The officers had an unobstructed view into the vehicle. The officers then opened fire on the truck, striking and killing Blackwell, striking and severely injuring Pietronico, and nearly hitting Plaintiff. Plaintiff ducked down in the back seat and when the gunshots ceased, he looked up and saw Blackwell slumped over the steering wheel.  Plaintiff saw Pietronico bleeding profusely. Blackwell was taken from the truck and Plaintiff watched his friend die in front of him.

Defendant's Summary: On January 14, 2023, Beaumont Police Department ("BPD") officers attempted a traffic stop on a white truck (2018 Ford CA-27268N3), and the vehicle failed to yield. A pursuit ensued. When BPD officers attempted a felony traffic stop on the vehicle, the suspect used his truck to ram into officers' patrol vehicles and a lethal force encounter occurred.

The driver of the vehicle, Garrett Blackwell, and the front passenger, James Albert Pietronico, sustained multiple gunshot wounds and were transported to Riverside University Health System Medical Center in Moreno Valley. The back passenger, Braiden Noah Goedhart, was transported to BPD and later San Gorgonio Memorial Hospital for knee pain.

**(3)     Damages/Insurance**

a.     *Damages*

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for his individual damages for his injuries, pain and suffering, and economic damages. Plaintiff also seeks punitive and exemplary damages against the individual officers. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

3

At this early stage in litigation and absent any discovery responses from Plaintiffs, Defendant has no information about the plaintiff's claimed damages and assert that punitive damages are unwarranted.

Defendant City of Beaumont denies all liability and wrongdoing for any and all of Plaintiff's claims.

        b.    *Insurance*

The City of Beaumont is permissibly self-insured pursuant to Government Code § 990.

**(4)    Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff Braiden Goedhart and Defendants City of Beaumont and Does 1-10.

*Witnesses*: The percipient witnesses include City of Beaumont Police Department officers and personnel present at the scene of the arrest and Plaintiff's detention, emergency medical personnel, and James Pietronico. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiff May Use*: The key documents include City of Beaumont Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendant May Use*: The key documents include City of Beaumont Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include medical and mental health records of the Plaintiff, depositions of the parties and witnesses, and responses to written discovery.

**(5)    Discovery**

a.   *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties exchanged initial disclosures by March 15, 2024. The parties have not completed any discovery at the time of the drafting of this report.

b.   *Discovery Plan*

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs. Further, the parties intend to consolidate this matter with the related lawsuit, *James Pietronico v. City of Beaumont, et al.*, Case No. 5:23-cv-02431-KS. There is another lawsuit that the parties anticipate will be filed arising out of the same incident, but the complaint has not yet been filed and no time estimate is known.

Plaintiff anticipates serving written discovery regarding City records regarding the incident and taking the depositions of City of Beaumont and BPD personnel who were involved in the detention of, use of force against, and arrest of Plaintiff. Plaintiff may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Plaintiff. Plaintiff also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

Defendant City of Beaumont intends to propound written discovery regarding Plaintiff's medical and mental health history, Plaintiff's criminal history, Plaintiff's requested damages and their calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendant anticipates taking the depositions of the Plaintiff, percipient witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that Defendant may also explore through discovery.

The parties will also take the depositions of any experts or witnesses

identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more City of Beaumont and/or BPD personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

The parties propose a non-expert discovery cut-off of December 6, 2024, which is also as set forth in Exhibit A hereto.

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on January 3, 2025; Rebuttal Expert Disclosure on January 17, 2025; and Expert Discovery Cut-off of January 31, 2025. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

The parties will simultaneously exchange their expert reports.

**(6)** **Legal Issues**

1. Whether the Defendant Officers stopped and detained Plaintiff without reasonable suspicion;
2. Whether the scope and manner of Defendant Officers' detention of Plaintiff was reasonable;
3. Whether the Defendant Officers arrested Plaintiff without probable cause;
4. Whether the Defendant Officers used excessive force against Plaintiff;
5. Whether the Defendant Officers denied timely medical care to Plaintiff;
6. Whether the Defendant Officers were negligent toward Plaintiff;

6

7. The nature and scope of Plaintiff's damages; and

8. Whether Plaintiff is entitled to punitive damages.

**(7) Motions**

a. *Procedural Motions*

There are no pending motions. Plaintiff anticipates filing either a stipulation to name the currently unidentified individual involved officers, currently named in the Complaint as Doe defendants, once such identities become available through initial discovery, or a motion to amend if a stipulation cannot be reached. Plaintiff is hopeful that such amendment may be accomplished through stipulation. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

During the course of litigation of this action, the City of Beaumont may file: a motion for judgment on the pleadings and/or a motion to dismiss and motion for bifurcation of trial on punitive damages and/or *Monell*.

b. *Dispositive Motions*

The parties have discussed potential motions and propose a deadline of May 19, 2025 to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiff will adhere to the Court's requirements for motions for summary judgment.

Defendant City of Beaumont anticipates filing a Motion for Summary Judgment with respect to all or some of Plaintiff's claims at the close of discovery, including but not limited to the grounds the individual officers are entitled to qualified immunity.

The parties further anticipate bringing motions *in limine* based on the claims

7

and damages remaining at trial.

        c.    *Class Certification Motion*

Not applicable.

**(8)** **Alternative Dispute Resolution (ADR)**

        a.    *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

        b.    *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). The parties jointly request Richard Copeland. If mediation is unsuccessful, the parties are also amenable to participating in a Settlement Conference before a Magistrate Judge.

**(9)** **Trial**

        a.    *Proposed Trial Date*

The parties propose a trial start date of June 9, 2025. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2024 and early 2025.

        b.    *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

        c.    *Jury or Court Trial*

The parties request a trial by jury.

        d.    *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

        e.    *Trial Counsel*

Trenton Packer will be lead trial counsel for Plaintiff. Eugene P. Ramirez will

be lead trial counsel for Defendant.

    **(10)** **Special Requests/Other Issues**

        a.    *Independent Expert or Master*

The parties agree that this case does not require an independent expert or master.

        b.    *Manual for Complex Litigation*

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

        c.    *Other Issues*

None.

DATED: May 6, 2024        **MANNING & KASS**
                                    **ELLROD, RAMIREZ, TRESTER LLP**

By:    */s/ Kayleigh A. Andersen*
        Eugene P. Ramirez
        Kayleigh A. Andersen
        Attorneys for Defendant, CITY OF BEAUMONT

DATED: May 6, 2024        **LAW OFFICES OF GRECH & PACKER**

By:    */s/ Trenton Packer*
        Trenton Packer, Esq.
        Attorneys for Plaintiff, BRAIDEN GOEDHART

# EXHIBIT A
## MAG. JUDGE KAREN STEVENSON
## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 5:24-cv-00173- KS |
|---|---|
| Case Name: | *Goedhart v. City of Beaumont* |

| Matter | Plaintiff(s)' Request | Defendant(s)' Request | Court's Order |
|---|---|---|---|
| _X_ Jury Trial *or* __ Court Trial Length: 5-7 days | June 9, 2025 | June 9, 2025 | |
| Final Pretrial Conference [L.R. 16] Hearing on Motions *In Limine* | May 28, 2025 | May 28, 2025 | |
| Trial Filings (2nd Set) | May 16, 2025 | May 16, 2025 | |
| Trial Filings (1st Set) | May 2, 2025 | May 2, 2025 | |
| Dispositive Motion Hearing Cutoff | March 19, 2025 | March 19, 2025 | |
| Expert Discovery Cutoff | January 31, 2025 | January 31, 2025 | |
| Rebuttal expert disclosure | January 17, 2025 | January 17, 2025 | |
| Initial expert disclosure | January 3, 2025 | January 3, 2025 | |
| Fact discovery cutoff | December 6, 2024 | December 6, 2024 | |

ADR [L.R. 16-15] Settlement Choice:

    _X_    Attorney Settlement Officer Panel

    ____    Private Mediation

    ____    Magistrate Judge